**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000372
16-AUG-2012
09:08 AM**

NO. CAAP-11-0000372

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
EASON I. HOLI, JR., Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 09-1-0314)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Leonard, JJ.)

I.

Defendant-Appellant Eason I. Holi Jr. (Holi) appeals from the Judgment of Conviction and Probation Sentence (Judgment) entered April 4, 2011 in the Circuit Court of the First Circuit[1] (circuit court).  The circuit court convicted Holi of "Failure To Comply With Covered Offender Registration Requirements," (FCCORR) in violation of Hawaii Revised Statutes (HRS) §§ 846E-9 and 846E-9(b) (Supp. 2011).

When Holi filed his November 4, 2010 conditional guilty plea of FCCORR, he reserved his right under Hawai'i Rules of Penal Procedure (HRPP) Rule 11(a)(2) (2007) to seek appellate review of the denial of his August 30, 2010 Motion to Dismiss (Motion to Dismiss).

_____

[1]  The Honorable Randal K.O. Lee presided.

On appeal, Holi contends the circuit court erred in denying his Motion to Dismiss when the court (1) admitted irrelevant, prejudicial evidence without foundation; (2) considered that evidence, along with properly-admitted but insufficient evidence, to determine Holi was a "covered offender" based on his March 24, 1995 conviction (1995 Judgment); and (3) retroactively applied the "covered offender" determination to conclude that Holi was required to register as a convicted sex offender for the period between April 14, 2004 through December 5, 2008. Holi also contends the circuit court erred when it imposed Probation Condition Q to require that Holi comply with the life time sex offender registration.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Holi's appeal is without merit.

## II.

In the 1995 Judgment, Holi was convicted under HRS § 707-720, which provides that one is guilty of kidnapping if the person restrains another person with intent to either (1) "[i]nflict bodily injury upon that person" or (2) "subject that person to a sexual offense." HRS § 707-720(1)(d) (1993). In his Motion to Dismiss, Holi contended that HRS § 846E was vague and overbroad because it was unclear that the statute applied to him. Holi argued that the "either/or" language of HRS § 707-720 created an ambiguity as to whether his kidnapping conviction was for inflicting bodily harm or for committing a sexual offense.

A criminal statute is void for vagueness if "(1) a person of ordinary intelligence cannot obtain an adequate description of the prohibited conduct or how to avoid committing illegal acts, and (2) it encourages arbitrary and discriminatory enforcement[.]" State v. Mita, 124 Hawai'i 385, 401, 245 P.3d 458, 474 (2010) (internal quotation marks, citations, and

2

brackets omitted). A statute is overbroad if it "sweep[s] so broadly that constitutionally protected conduct as well as unprotected conduct is included in its proscriptions." State v. Richie, 88 Hawai'i 19, 32, 960 P.2d 1227, 1240 (1998).

Additionally, "[p]enal statutes are to be strictly construed. However, the strict construction rule does not permit the court to ignore legislative intent, nor require the court to reject that construction that best harmonizes with the design of the statute or the end sought to be achieved." State v. Gaylord 78 Hawai'i 127, 139, 890 P.2d 1167, 1179 (1995) (citation omitted).

In 1997, two years after Holi's kidnapping conviction, the Hawai'i Legislature enacted HRS Chapter 846E, establishing the sex offender registration and notification program. State v. Bani, 97 Hawai'i 285, 292, 36 P.3d 1255, 1262 (2001). The chapter required, among other things, that persons convicted of sex crimes against children register a current address with state law enforcement officials and notify officials of any change of address. Id.; see also 42 U.S.C. § 14071 (1994 and Supp. 2003).

The legislature explained that it was enacting the statute because of "a compelling interest in protecting the public from sex offenders and in protecting children from predatory sexual activity by requiring strict registration requirements of sex offenders[.]" 1997 Haw. Sess. Laws Act 316, § 1 at 749.

HRS § 846E-2(a) states that a person is required to register if he is deemed a "covered offender." HRS § 846E-1 provides the following pertinent definitions:

- "Covered offender" means a "sex offender" or an "offender against minors[.]"

- "Sex offender" means . . . [a] person who is or has been convicted at any time, whether before or after May 9, 2005, of a "sexual offense[.]"

- "Sexual offense" . . . means an offense that is . . . [a]n act defined in section 707-720 if the charging

> document for the offense for which there has been a
> conviction alleged intent to subject the victim to a
> sexual offense[.]

A covered offender is guilty of FCCORR under HRS § 846E-9 if the person fails to register or fails to notify the appropriate authorities of any changes in registration information.

For the statute not to be vague or overbroad, it must be clear under HRS § 846E-1 that a person charged and convicted for kidnapping under HRS § 707-720 must register if the intent of his act was to subject a minor to a sexual offense, but not if the intent was to inflict bodily harm.

When Holi was charged with kidnapping, the charging document tracked the language of HRS § 707-720(1)(d) and alleged that Holi "did intentionally or knowingly restrain [Minor] with intent to inflict bodily injury upon her or subject her to a sexual offense." HRS § 846E-1 states that a sexual offense is, among other things, "[a]n act defined in section 707-720 if the charging document for the offense for which there has been a conviction alleged intent to subject the victim to a sexual offense[.]" HRS § 846E-1 (emphasis added).

The circuit court correctly determined that HRS § 846E-1 only imposes the registration requirement on persons charged under HRS § 707-720 where the charge includes the defendant's intent to subject the victim to a sexual offense and the defendant is subsequently convicted of such offense. To conclude that registration is required of those charged under the "either/or" language of HRS § 707-720 but subsequently only convicted of kidnapping with intent to inflict bodily injury goes against legislative intent and "require[s] the court to reject that construction that best harmonizes with the design of the statute or the end sought to be achieved." State v. Gaylord, 78 Hawai'i 127, 139, 890 P.2d 1167, 1179 (1995) (citation omitted).

We conclude that HRS § 846E defines "with sufficient definiteness that ordinary people can understand" the offense of

failing to register as a sex offender when one has been convicted of a sex offense, and thus is not vague. <u>Mita</u>, 124 Hawai'i at 401, 245 P.3d at 474. The statute is not overbroad because the requirement to register is clearly limited to sex offenders and does not require registration by those not convicted of a sex offense. <u>See</u> <u>State v. Beltran</u>, 116 Hawai'i 146, 152, 172 P.3d 458, 464 (2007) (A regulation is overbroad if it sweeps so broadly that it criminalizes "innocent, constitutionally protected behavior as well as conduct which may be validly regulated[.]") (citation and internal quotation marks omitted).

III.

Holi contends the circuit court erred by admitting the Ho'ohiki court minutes of the 1995 sentencing hearing, the 1995 presentence diagnosis and report (PSI) (1995 PSI), and the testimony of the Deputy Prosecuting Attorney (DPA) at the September 20, 2010 hearing on his Motion to Dismiss. Holi had objected to the evidence as irrelevant.

Hawai'i Rules of Evidence (HRE) Rule 401 (1993) defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." "The legitimate tendency to establish a controverted fact is all that is required in order that proffered evidence be relevant." <u>State v. Irebaria</u>, 55 Haw. 353, 356, 519 P.2d 1246, 1249 (1974) (internal quotation marks and citation omitted).

To be required to register under HRS § 846E-9, Holi must have been convicted of a sexual offense. At the September 20, 2010 hearing on the Motion to Dismiss, the circuit court identified the issue as "[w]hether or not the failure to comply [with] cover[ed] offender registration applies to Mr. Holi, based on Mr. Holi's prior conviction of kidnapping." The question before the circuit court was whether or not Holi had pled to a sex offense in his 1994 plea agreement.

Both parties stipulated to the fact that the transcripts of the December 19, 1994 change of plea hearing and the March 24, 1995 sentencing hearing were no longer available. Due to the lack of transcripts, it was necessary to look to other means to establish what the factual basis had been for Holi's change of plea.

The Ho'ohiki court minutes, the testimony of the DPA who had prosecuted the kidnapping case, and the declaration by Holi in the 1995 PSI had the "legitimate tendency" to establish that Holi pled to kidnapping with the intent to subject Minor to a sexual offense. Therefore, the circuit court did not err in admitting the 1995 PSI and allowing the DPA to testify for the purpose of establishing the fact that the 1995 Judgment was for kidnapping with the intent to subject Minor to a sexual offense.

According to HRPP Rule 11(f), the circuit court "shall not enter a judgment upon [a guilty] plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." At the hearing on the Motion to Dismiss, Holi conceded that "[t]here clearly was a factual basis" for his plea. On appeal, Holi acknowledged that the kidnapping case had facts supportive of both bodily injury and a sex offense but argued that there was insufficient, properly-admitted evidence to show he had "indisputably" been convicted of kidnapping with the intent to subject Minor to a sexual offense. We disagree.

The DPA testified that at the time she was assigned to the case against Holi, she was a member of the Prosecutor's Office sex assault team, whose primary focus was sexual assault cases. She stated that she remembered this case because "the facts were horrific" and it was "the only natural father/daughter case I have ever had where the perpetrator used a knife." She testified that at the December 19, 1994 change of plea hearing, she had placed a factual basis for the plea on the record, namely, that Holi committed the act of kidnapping with the intent to subject Minor to a sexual offense. She also testified that it

6

was not clear whether Holi had an intent to inflict a bodily injury on Minor, but "the intention to commit a sexual offense was crystal clear." Regarding the general practice of the judge who was sitting on the bench at the December 19, 2004 change of plea hearing, the DPA described her practice to be very thorough, to get a factual basis for the plea articulated, and to ask the defendant if he agreed with the factual basis. The DPA testified that the judge took a factual basis in this case, but the DPA acknowledged she could not remember whether the judge asked Holi if he agreed with the factual basis. The DPA also provided a declaration stating she had "placed a factual basis for the plea on the record and the factual basis contained facts supporting the element of the charge that [Holi] restrained [Minor] with the intent to subject her to a sexual offense." The Ho'ohiki court minutes from the December 19, 1994 change of plea hearing corroborate the DPA's testimony by indicating that a factual basis for the plea was placed on the record.

Furthermore, attached to the State of Hawai'i's (the State) Memorandum in Opposition to Defendant's Motion to Dismiss was the Honolulu Police Department's "CID Closing Report." That document indicated the case was opened after Minor "disclosed that she was sexually abused by [Holi]." After Mother reported the incident to the police, Minor and her siblings were interviewed at the Children's Advocacy Center[2] (CAC), which provides interview rooms to videotape interviews with children who are alleged victims of sexual abuse. Much of the information in the synopsis was gleaned from the interviews at CAC of Minor, her siblings, and her mother.

---

[2] The Children's Advocacy Center, a program of the Hawai'i State Judiciary, was established by the legislature "to ensure a fair and neutral process for the handling of reports of child sexual abuse." In 2001, the legislature changed the name to the Hawai'i Children's Justice Center and "expanded the program's focus to include felony abuse and children as witnesses."
http://www.courts.state.hi.us/services/hawaii_childrens_justice_centers/about_the_justice_centers.html (last accessed July 11, 2012).

The synopsis detailed Holi's acts, all of which indicated an intent to subject Minor to sexual offense.

The State also attached the Honolulu Police Department Statement Form, in which Minor handwrote a description of what happened to her, similar to what she stated in her interview.

The circuit court took judicial notice of Holi's 1995 PSI, in which Holi admitted he had conducted most of the acts Minor accused him of. The PSI also indicated that Holi agreed to attend sex offender therapy, if ordered. The circuit court remarked that it only looked at Holi's statement in the presentence report and did not consider the police reports and the rest of the presentence report.

There was no evidence presented to show that Holi had objected to the PSI at the 1995 sentencing hearing, other than his general denial of intent to subject Minor to a sexual offense. A defendant's failure to raise a "good faith challenge" to information contained in his PSI at sentencing constitutes the defendant's concession to and affirmative stipulation to the information contained within the PSI. State v. Heggland, 118 Hawai'i 425, 440-41, 193 P.3d 341, 356-57 (2008). Holi's statements in the 1995 PSI were consistent with the DPA's recollection of the facts, as well as with Minor's police statement.

Holi further objects that this evidence, even if relevant, should have been excluded because its probative value was outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the court under HRE Rule 403. He also objects to the admissions of his prior sex offender registration records and argues that the registration records and the 1995 PSI lacked foundation or were an exception to the hearsay rule. Insofar as these objections were made for the first time on appeal, we do not address them. "[A]n issue raised for the first time on appeal will not be considered by the reviewing court. Only where the ends of justice require it, and fundamental rights

would otherwise be denied, will there be a departure from these principles. " State v. Wallace, 80 Hawai'i 382, 410, 910 P.2d 695, 723 (1996) (quoting State v. Naeole, 62 Haw. 563, 570, 617 P.2d 820, 826 (1980). We find no justification here.

IV.

The circuit court did not "illegally" sentence Holi when it imposed Probation Condition Q that Holi "[c]omply with the life time sex offender registration [requirement]." Pursuant to the factual basis to support the kidnapping conviction, the circuit court found that Holi had pled to the offense of kidnapping with intent to subject a minor to a sex offense. Thus, Holi was a sex offender and, therefore, a covered offender required to register pursuant to HRS § 846E-2. The condition that Holi comply with the life time registration requirement was merely reiterating the requirement as provided under HRS § 846E-10.

Therefore,

IT IS HEREBY ORDERED that the Judgment of Conviction and Probation Sentence entered April 4, 2011 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, August 16, 2012.

On the briefs:

Phyllis J. Hironaka
Deputy Public Defender
for Defendant-Appellant.

Marissa H.I. Luning
Kimberly Tsumoto Guidry
Deputy Solicitors General
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge